**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**

U.S. SPECIALTY INSURANCE COMPANY,           Case No.

            Plaintiff,           Hon.

   vs.           **COMPLAINT FOR**
                                                **DECLARATORY JUDGMENT**

CITY OF GROSSE POINTE PARK,

            Defendant.

---

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff, U.S. Specialty Insurance Company ("U.S. Specialty"), files this Complaint for Declaratory Judgment, alleging as follows:

### NATURE OF THE ACTION

1.      U.S. Specialty has filed this action to clarify the scope of insurance coverage available to Defendant City of Grosse Pointe Park (the "City") with respect to claims by City residents alleging property damage to their homes following two rainstorms, taking place on June 26, 2021 and July 16, 2021, that allegedly resulted in sewage backup through the sewer system into the residents' homes (the "Sewage Backup Claims"). The City has sought coverage for the Sewage Backup Claims under the commercial general liability policy issued by U.S. Specialty (the "Policy").

2.      In this action, U.S. Specialty seeks a declaration that the Sewage Backup Claims are subject to the $1 million Aggregate Sublimit of Insurance contained in the Policy's Pollution Exclusion Exception – Sewage Sublimit Endorsement. U.S. Specialty also seeks a declaration that it is not liable to pay for "damages" or "claims expense" with respect to the Sewage Backup Claims unless and until the City pays the $5,000 Each Claimant deductible contained in the Policy's

Pollution Exclusion Exception – Sewage Sublimit Endorsement with respect to each separate claimant seeking "damages" in connection with the Sewage Backup Claims.

3.       In addition, other terms and conditions of the Policy further limit coverage for the residents' property damage claims.

## PARTIES

4.       Plaintiff U.S. Specialty is an insurance company organized under the laws of New York with its principal place of business in Houston, Texas.

5.       Defendant City is a political subdivision of the State of Michigan located in Wayne County, Michigan.

## JURISDICTION AND VENUE

6.       The Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1332(a), 2201 and 2202, as complete diversity exists between the parties and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and U.S. Specialty seeks declaratory relief regarding claims of actual controversy within this Court's jurisdiction.

7.       Venue is proper in this Judicial District pursuant to 28 U.S.C. §§ 1391(b)(1) and (2), in that the City is located within this District and a substantial part of the events giving rise to this action occurred within this District.

## THE POLICY

8.       U.S. Specialty issued policy number PKG81210158 to the City for the period of August 1, 2020 to August 1, 2021.

9.       The Policy's Commercial General Liability Coverage Form (the "GL Form") provides limits of $1 million per "occurrence"[1] and $3 million in the aggregate, subject to a

---

[1]       Policy terms in quotations are defined in the Policy.

$10,000 per "occurrence" deductible.  A true and accurate copy of the Policy is attached hereto as **Exhibit A**.

10.     The Policy's Commercial Excess Liability Coverage Form (the "Excess Form") provides limits of $9 million per "occurrence" and in the aggregate.

11.     The Insuring Agreement set forth in Section I. of the Policy's GL Form states as follows:

**A.     COVERAGE A – BODILY INJURY AND PROPERTY DAMAGE LIABILITY INSURING AGREEMENT**

**1.**     We will pay those sums that the insured becomes legally obligated to pay as "damages" because of "bodily injury" or "property damage" to which this insurance applies.  We will have the right and duty to defend the insured against any "suit" seeking those "damages", even if the allegations of such "suit" are groundless, false or fraudulent.  However, we will have no duty to defend the insured against any "suit" seeking "damages" for "bodily injury" or "property damage" to which this insurance does not apply.  We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result.  But:

**a.**     The amount we will pay for "damages" is limited as described in **SECTION III – LIMITS OF INSURANCE**; and

**b.**     Our right and duty to defend ends when we have used up the applicable limit of insurance in payment of judgment or settlements under Coverages **A** or **B** or medical expenses under **Coverage C.**

No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under **SUPPLEMENTARY PAYMENTS – COVERAGES A AND B.**

**2.**     This insurance applies to "bodily injury" and "property damage" only if:

**a.**     The "bodily injury" or "property damage" is caused by an "occurrence" arising out of your operations that takes place in the "coverage territory";

3

**b.**   The "bodily injury" or "property damage" occurs during the Policy Period listed in the Declarations; and

**c.**   Prior to the Policy Period, no insured knew that the "bodily injury" or "property damage" had occurred, in whole or in part. If any insured knew, prior to the Policy Period, that the "bodily injury" or "property damage" occurred, then any continuation, change or resumption of such "bodily injury" or "property damage" during or after the Policy Period will be deemed to have been known prior to the Policy Period.

12.   Section I.C. of the GL Form states, in relevant part, as follows:

**C.   EXCLUSIONS – COVERAGES A AND B**

This insurance does not apply to "damages", claims or "suits" alleging, based upon, arising out of, attributable to, directly or indirectly resulting from, in consequence of, or in any way involving:

**31.   Pollution**

**a.**   "Bodily injury", "property damage" or "personal and advertising injury" arising out of the actual, alleged or threatened discharge, dispersal, seepage, migration, release or escape of "pollutants":

**(1)**   At or from any premises, site or location which is or was at any time owned or occupied by, or rented or loaned to, any insured. However, this Paragraph **(1)** does not apply to:

*        *        *

**(e)**   "Property damage" to a building or its contents if caused by sewage resulting from:

**(i)**   The reverse flow of such sewage from within any sewage facility that you own, operate or maintain;

**(ii)**   The escape of sewage from any fixed conduit that you own, operate or maintain, but only if the escape occurs away from land you own or lease;

13.    Policy Section V.W. defines "Pollutants" to mean: (1) "Any solid, liquid, gaseous, or thermal irritant or contaminant, including smoke, vapor, soot, fumes, acids, alkalis, chemicals and waste.  Waste includes materials to be recycled, reconditioned or reclaimed;" (2) "Any other emission, odor, noise, oil, oil products, infectious or medical waste;" and (3) "Any substance exhibiting hazardous characteristics as defined by, or identified on a list of hazardous substances issued by the USEPA or any state or local counterpart."

14.    The Pollution Exclusion Exception – Sewage Sublimit Endorsement (Form No. GL000126 0413) of the Policy provides, in relevant part, as follows:

> **The Sublimits of Insurance contained in this endorsement are reduced, and may be completely exhausted, by the payment of "claims expense".  In the event the Sublimits of Insurance under this endorsement are exhausted, we will not be obligated to pay any further "claims expense" or sums which the insured is or may become legally obligated to pay as "damages" under this endorsement.   In the event the Sublimits of Insurance under this endorsement are exhausted, no further coverage is provided by this endorsement.**

> ### SCHEDULE

| | | |
|---|---|---|
| **Sublimits of Insurance** | **$1,000,000** | **Aggregate** |
| | **$1,000,000** | **Each Occurrence** |
| | **INCLUDED** | **Each Claimant** |
| **Deductible** | **$5,000** | **Each Claimant** |
| | **$0** | **Each Occurrence** |

**A.**    The exception to **Exclusion 31.a.(1)(e)** of **SECTION I – C. EXCLUSIONS – COVERAGES A AND B**, is subject to the Sublimits of Insurance described in this Endorsement.

**B.**    **SUBLIMITS OF INSURANCE AND DEDUCTIBLE**

The Sublimits of Insurance shown in the Schedule above are the most we will pay for "property damage" sewage coverage as provided by this endorsement.

1.      The Aggregate Limit shown in the Schedule is the most we will pay for the sum of all "damages" and "claim expense" payable under this endorsement.

2.      Subject to **1.** Above, the Each Occurrence Limit shown in the Schedule is the most we will pay for sum of all "damages" and "claims expense" because of "property damage" arising out of any one "occurrence".

3.      Subject to **2.** Above, the Each Claimant Limit shown in the Schedule is the most we will pay for the sum of all "damages" and "claims expense" because of "property damage" sustained by any one claimant.

4.      Subject to the limits of insurance stated in **1., 2.** and **3.** Above, we shall only be liable to pay for "damages" or "claims expense" in excess of the Deductible shown in the Schedule.  The Deductible shown in the Schedule applies to all "damages" sustained by any one claimant because of "property damage".   With respect to "property damage", claimant includes an organization.

5.      In the event we pay for "damages" or "claims expense" on behalf of the insured to effect settlement of any claim or "suit", upon notification of the action taken, you shall promptly reimburse us for such part of the deductible amount as has paid by us.

The Sublimits of Insurance provided by this endorsement are part of, and not in addition to, the Limits of Insurance shown in the Declarations as the General Aggregate and the Each Occurrence Limit.

C.      **DEFINITIONS**

For the purpose of this endorsement, the following definition is added:

**"Claims expense"** means any of the fees, costs or expenses that can be directly allocated to a specific claim or "suit", including:

1.      Reasonable and necessary attorney fees and litigation costs; In

2.      The cost of premiums for any appeal bond, attachment or similar bond arising out of a covered judgment.  (We have no obligation to apply for or furnish any such bonds.)

3.      All other fees, costs and expenses incurred in the investigation, adjustment, defense and/or appeal of any claim or "suit" by us.

6

"Claims expense" does not include the salaries and expenses of our "employees" or your "employees".

## THE SEWAGE BACKUP CLAIMS

### A.      The June 26, 2021 Sewage Backup Claims

15.     Hundreds of residents of the City, the City of Grosse Pointe, and the City of Grosse Pointe Woods have reported sewage backup into their homes after sewage backed up through the connected sewer system during a rainstorm on June 26, 2021.

16.     On July 13, 2021, twenty City residents filed a class action lawsuit against the City and others in the Circuit Court for the County of Wayne, Michigan under Case No. 21-008465-CZ (the "Bulka Lawsuit").

17.     On September 28, 2021, a first amended complaint was filed in the Bulka Lawsuit. A true and correct copy of the first amended complaint filed in the Bulka Lawsuit is attached hereto as **Exhibit B**.

18.     The Bulka Lawsuit alleges that, following the June 26, 2021 rainstorm, the residents' basements filled with varying amounts of sewage that had backed up through the basement sewer lines, causing property damages.  The Bulka Lawsuit alleges that the City knew, based on prior sewage backup events, deferred maintenance issues, outdated and aged equipment and other infrastructure and related issues, that the sewer system would not likely be able to handle excess sewage overflow and that sewage backups were not only foreseeable but likely during a heavy rain event.

19.     On July 26, 2021, twenty-five City residents filed a complaint against the City and others in the Circuit Court for the County of Wayne, Michigan under Case No. 21-009030-CZ (the "Lanell Lawsuit").

20.     On September 28, 2021, a first amended complaint was filed in the Lanell Lawsuit. A true and correct copy of the first amended complaint filed in the Lanell Lawsuit is attached hereto as **Exhibit C.**

21.     The Lanell Lawsuit alleges that, following the June 26, 2021 rainstorm, the residents' basements filled with varying amounts of sewage that had backed up through the basement sewer lines, causing property damages.  The Lanell Lawsuit alleges that the City knew, based on prior sewage backup events, deferred maintenance issues, outdated and aged equipment and other infrastructure and related issues, that the sewer system would not likely be able to handle excess sewage overflow and that sewage backups were not only foreseeable but likely during a heavy rain event.

22.     On October 4, 2021, a group of City residents filed a lawsuit against the City and others in the Circuit Court for the County of Wayne, Michigan under Case No. 21-013480-CZ (the "Andrzejczak Lawsuit").  A true and correct copy of the Andrzejczak Lawsuit is attached hereto as **Exhibit D.**

23.     The Andrzejczak Lawsuit alleges that, following the June 26, 2021 rainstorm, the residents' basements filled with varying amounts of sewage that had backed up through the basement sewer lines, causing property damages.  The Andrzejczak Lawsuit alleges that the City knew, based on prior sewage backup events, deferred maintenance issues, outdated and aged equipment and other infrastructure and related issues, that the sewer system would not likely be able to handle excess sewage overflow and that sewage backups were not only foreseeable but likely during a heavy rain event.

24.     On October 14, 2021, another group of City residents filed a lawsuit against the City and others in the Circuit Court for the County of Wayne, Michigan under Case No. 21-

014057-NZ (the "Dubrulle Lawsuit").  A true and correct copy of the Dubrulle Lawsuit is attached hereto as **Exhibit E.**

25.     The Dubrulle Lawsuit alleges that, following the June 26, 2021 rainstorm, the residents' basements filled with varying amounts of sewage that had backed up through the basement sewer lines, causing property damages.  The Dubrulle Lawsuit alleges that the City knew, based on prior sewage backup events, deferred maintenance issues, outdated and aged equipment and other infrastructure and related issues, that the sewer system would not likely be able to handle excess sewage overflow and that sewage backups were not only foreseeable but likely during a heavy rain event.

26.     In addition to the Bulka Lawsuit, the Lanell Lawsuit, the Andrzejczak Lawsuit, and the Dubrulle Lawsuit, the City has received, upon information and belief, additional Sewage Backup Claims in connection with the June 26, 2021 rainstorm.

### B.     The July 16, 2021 Sewage Backup Claims

27.     Hundreds more residents of the City, the City of Grosse Pointe, and the City of Grosse Pointe Woods have reported sewage backup into their homes after sewage backed up through the connected sewer system during another rainstorm, this one on July 16, 2021.

28.     The City has received, upon information and belief, Sewage Backup Claims in connection with the July 16, 2021 rainstorm.

### INSURANCE COVERAGE DISPUTE

29.     The City seeks insurance coverage from U.S. Specialty under the Policy in connection with the Sewage Backup Claims.

30.     The City and U.S. Specialty dispute the scope of coverage available for the Sewage Backup Claims under the Policy.

31.     An actual, present, and bona fide controversy exists between U.S. Specialty, on the one hand, and the City, on the other hand, with respect to the scope of coverage available under the Policy.

32.     A judicial declaration is necessary to establish the parties' rights and duties under the Policy.

### COUNT I – DECLARATORY JUDGMENT
### (GL Form - $1 Million Sublimit of Insurance)

33.     U.S. Specialty incorporates by reference each and every allegation set forth in the preceding paragraphs 1 through 32, above, as though set forth fully herein.

34.     Policy Section V.W. defines "pollutants" to mean: (1) "Any solid, liquid, gaseous, or thermal irritant or contaminant, including smoke, vapor, soot, fumes, acids, alkalis, chemicals and waste.  Waste includes materials to be recycled, reconditioned or reclaimed;" (2) "Any other emission, odor, noise, oil, oil products, infectious or medical waste;" and (3) "Any substance exhibiting hazardous characteristics as defined by, or identified."

35.     The Sewage Backup Claims allege "property damage" caused by sewage backup, a "pollutant" as defined by the Policy.

36.     Policy Section I.C.31., the Pollution Exclusion, provides that the Policy does not apply to "damages," claims or "suits" alleging, based upon, arising out of, attributable to, directly or indirectly resulting from, in consequence of, or in any way involving "property damage" arising out of the actual, alleged or threatened discharge, dispersal, seepage, migration, release or escape of "pollutants" at or from any premises, site or location which is or was at any time owned or occupied by, or rented or loaned to, any insured.

37.     However, this exclusion does not apply to "property damage" to a building or its contents if caused by sewage resulting from (i) the reverse flow of such sewage from within any

sewage facility that the City owns, operates or maintains, or (ii) the escape of sewage from any fixed conduit that the City owns, operates, or maintains, but only if the escape occurs away from land the City owns or leases.

38.     The Sewage Backup Claims fall within the exception to the Pollution Exclusion for claims alleging "property damage" caused by sewage resulting from the reverse flow of a sewage facility that the City owns, operates, or maintains.

39.     The Sewage Backup Claims are subject to the Pollution Exclusion Exception – Sewage Sublimit Endorsement, which provides that the most U.S. Specialty will pay for "damages" and "claims expense" with respect to "property damage" sewage coverage is the $1 million Aggregate Sublimit of Insurance.

40.     The $1 million Aggregate Sublimit of Insurance is reduced, and may be completely exhausted, by the payment of "damages" and "claims expense."

41.     By reason of the foregoing, the limit of liability applicable to the Sewage Backup Claims is the $1 million Aggregate Sublimit of Insurance, which applies to both "damages" and "claims expense," contained in the Pollution Exclusion Exception – Sewage Sublimit Endorsement.

## COUNT II – DECLARATORY JUDGMENT
### (GL Form - $5,000 Each Claimant Deductible)

42.     U.S. Specialty incorporates by reference each and every allegation set forth in the preceding paragraphs 1 through 41, above, as though set forth fully herein.

43.     The Pollution Exclusion Exception – Sewage Sublimit Endorsement provides that U.S. Specialty shall only be liable to pay for "damages" or "claims expense" in excess of the $5,000 Each Claimant deductible.

44.     Pursuant to the Pollution Exclusion Exception – Sewage Sublimit Endorsement, the $5,000 Each Claimant deductible applies separately to each claim for "damages" brought by any one claimant because of "property damage."

45.     Thus, U.S. Specialty is not liable to pay for "damages" or "claims expense" under the Policy unless and until the City has paid the $5,000 Each Claimant deductible with respect to each claimant seeking "damages" with respect to the Sewage Backup Claims.

46.     By reason of the foregoing, U.S. Specialty is entitled to a declaration that the City is required to satisfy, through payment of "damages" or allocable "claims expense," a separate $5,000 Each Claimant deductible for each claimant seeking "damages" from the City in the Sewage Backup Claims.

47.     In addition, by reason of the foregoing, U.S. Specialty is also entitled to a declaration that U.S. Specialty is not liable to pay for "damages" or "claims expense" under the Policy unless and until the City has paid, through payment of "damages" or allocable "claims expense," the $5,000 Each Claimant deductible with respect to each claimant seeking "damages" from the City in the Sewage Backup Claims.

### COUNT III – DECLARATORY JUDGMENT
### (GL Form - Expected or Intended Injury Exclusion)

48.     U.S. Specialty incorporates by reference each and every allegation set forth in the preceding paragraphs 1 through 47, above, as though set forth fully herein.

49.     Policy Section I.C.16. provides as follows:

**C.     EXCLUSIONS – COVERAGES A AND B**

> This insurance does not apply to "damages", claims or "suits" alleging, based upon, arising out of, attributable to, directly or indirectly resulting from, in consequence of, or in any way involving:

> \*       \*       \*

16. **Expected or Intended Injury**

"Bodily injury" or "property damage" expected or intended from the standpoint of the insured.  This exclusion does not apply to "bodily injury" or "property damage" resulting from the use of reasonable force to protect persons or property.

50.     Coverage for the Sewage Backup Claims under the Policy is barred or limited to the extent that Exclusion I.C.16. applies.

## COUNT IV – DECLARATORY JUDGMENT
### (GL Form – Professional Services Exclusion)

51.     U.S. Specialty incorporates by reference each and every allegation set forth in the preceding paragraphs 1 through 50, above, as though set forth fully herein.

52.     Policy Section I.C.32. provides as follows:

**C.     EXCLUSIONS – COVERAGES A AND B**

This insurance does not apply to "damages", claims or "suits" alleging, based upon, arising out of, attributable to, directly or indirectly resulting from, in consequence of, or in any way involving:

\*       \*       \*

32. **Professional Services**

"Bodily injury", "property damage" or "personal and advertising injury" arising out of the rendering or failure to render "professional services" by:

\*       \*       \*

b.     Any architect, engineer or surveyor performing work on your behalf in such capacity, including the preparation, approval of or failure to prepare or approve maps, shop drawings, opinions, reports, surveys, field orders, change orders, drawings, designs and specifications;…

\*       \*       \*

This exclusion applies even if the claims against any insured allege negligence or other wrongdoing in the supervision, hiring, employment, training or monitoring of others by that insured, if the "occurrence" which caused the "bodily injury" or "property

damage" or the offense which caused the "personal and advertising injury" involved the rendering of or the failure to render such "professional services."

53.     Coverage for the Sewage Backup Claims under the Policy is barred or limited to the extent that Exclusion I.C.32. applies.

### COUNT V – DECLARATORY JUDGMENT
### (GL Form – "Damages" Definition)

54.     U.S. Specialty incorporates by reference each and every allegation set forth in the preceding paragraphs 1 through 53 above, as though set forth fully herein.

55.     Policy Section V.F. provides that "damages" does not include:

   **1.**     Payment for past services rendered or work performed, and shall not include payments for the fulfillment of contractual obligations, including but not limited to providing employee benefits;

   **2.**     Any amount for which an insured is not financially liable or for which there is no legal recourse to an insured;

   **3.**     Civil or criminal fines or penalties;

   **4.**     Taxes, the reallocation of taxes, the recalculation of taxes, or the loss of tax benefits;

   **5.**     Any amount that represents or is substantially equivalent to disgorgement, restitution, or rescission "damages", or forfeiture of any profits or remuneration; or

   **6.**     Matters uninsurable under the law pursuant to which this policy shall be construed.

56.     Coverage for the Sewage Backup Claims under the Policy is barred or limited to the extent the City residents do not seek "damages" as defined by the Policy.

### COUNT VI – DECLARATORY JUDGMENT
### (Excess Form – Pollution Exclusion)

57.     U.S. Specialty incorporates by reference each and every allegation set forth in the preceding paragraphs 1 through 56, above, as though set forth fully herein.

58.     Excess Form endorsement, titled Exclusion – Pollution with Potable Water and Hostile Fire Exception, provides, in relevant part, as follows:

This policy does not apply to any injury or damage, costs or expenses arising out of, resulting from, caused or contributed by:

1.      the actual, alleged or threatened presence, discharge, dispersal, seepage, migration, release, or escape of "pollutants", however caused;

2.      any request, demand, or order that any insured or others test for, monitor, clean-up, remove, contain, treat, detoxify, neutralize or assess the effects of "pollutants". This includes demands, directives, complaints, suits, orders or requests brought by any government entity or by any person or group or persons; or

3.      steps taken or amount incurred by a governmental unit or any other person or organization to test for, monitor, clean-up, remove, contain, treat, detoxify, neutralize or assess the effects of "pollutants".

This exclusion will apply to any liability arising directly or indirectly out of pollution whether or not the pollution was sudden, accidental, gradual, intended, expected, unexpected, preventable or not preventable.

"Pollutants" shall mean any solid, liquid, gaseous or thermal irritant or contaminant, including, but not limited to, smoke, vapor, soot, fumes, acids, alkalis, chemicals and waste material. Waste material includes materials which are intended to be or have been recycled, reconditioned or reclaimed.

59.     The Sewage Backup Claims arise out of or were caused or contributed by the actual, alleged or threatened presence, discharge, dispersal, seepage, migration, release, or escape of "pollutants."

60.     By reason of the foregoing, the Excess Form does not provide coverage to the City for the Sewage Backup Claims.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff U.S. Specialty Insurance Company respectfully requests that this Court enter a judgment in its favor and against the City of Grosse Pointe Park, awarding the following relief:

a.   a declaration that coverage for the Sewage Backup Claims under the Policy's GL Form is subject to a $1 million Aggregate Sublimit of Insurance applicable to "damages" and "claims expense"'

b.   a declaration that U.S. Specialty shall only be liable to pay for "damages" or "claims expense" with respect to the Sewage Backup Claims once the City has paid, through payment of "damages" or allocable "claims expense," the $5,000 Each Claimant deductible allocable to each claimant seeking "damages" against the City;

c.   a declaration that no coverage is available for the Sewage Backup Claims under the Policy's Excess Form;

d.   for costs of suit incurred herein; and

e.   for such other and further relief at law or in equity that the Court deems just and proper.

## <u>RESERVATION OF RIGHTS</u>

The Policy contains terms, conditions, and exclusions that may be relevant to the City residents' claims but that are not currently implicated by this declaratory judgment action. Nothing in this Complaint should be construed as a waiver by U.S. Specialty of any coverage defenses at law, in equity, or under the Policy. U.S. Specialty continues to reserve all rights with respect to any claim for coverage made under the Policy where appropriate, and waives none.

Dated: October 28, 2021          Respectfully submitted,

U.S. SPECIALITY INSURANCE COMPANY

/s/ Arthur F. Brandt
Arthur F. Brandt (P43746)
David F. Cutter (petition for admission to be filed)
Jonathan R. Walton (petition for admission to be filed)
Ranjini S. Rajan (petition for admission to be filed)
BatesCarey LLP
191 N. Wacker Dr., Suite 2400
Chicago, IL 60606
(312) 762-3100
abrandt@batescarey.com
dcutter@batescarey.com
jwalton@batescarey.com
rrajan@batescarey.com