UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

U.S. SPECIALTY INSURANCE COMPANY,

        Plaintiff,                                 Case Number 21-12544

v.                                                  Honorable David M. Lawson

CITY OF GROSSE POINTE PARK,

        Defendant.
_____/

## OPINION AND ORDER DISMISSING THE CASE WITHOUT PREJUDICE

Plaintiff U.S. Specialty Insurance Company filed the present action seeking a declaratory judgment "to clarify the scope of insurance coverage available to Defendant City of Grosse Pointe Park with respect to claims by City residents alleging property damage to their homes following two rainstorms, taking place on June 26, 2021 and July 16, 2021, that allegedly resulted in sewage backup through the sewer system into the residents' homes."  According to the complaint, the claims in question are the subject of several class action lawsuits presently pending in the Wayne County, Michigan circuit court..  This Court has discretion whether to exercise jurisdiction in declaratory judgment actions, and because all the pertinent factors relating to the exercise of that discretion were not addressed in the plaintiff's complaint, the Court ordered the plaintiff to show cause why the case should not be dismissed without prejudice.

The plaintiff responded to the show cause order.  It argues that a declaratory judgment in the present lawsuit would resolve a dispute that exclusively concerns the respective interests of the City and its insurer, by clarifying the scope of coverage and applicable deductible amounts.  The insurer has taken the position that it may be obligated ultimately to indemnify the City for no more than an aggregate coverage limit of $1,000,000, which it says applies globally to all of the claims that have been brought, and it also maintains that the City must satisfy a $5,000 "per claim

E. Alternative remedy

When state law provides an avenue for the resolution of insurance coverage, the fifth factor favors declining jurisdiction. *Flowers*, 513 F.3d at 562. Michigan allows insurers to bring declaratory judgment actions in state court. *See* Mich. Ct. R. 2.605; see also *Rose v. State Farm Mut. Auto. Ins. Co.*, 274 Mich. App. 291, 294, 732 N.W.2d 160, 162 (2006). Moreover, the question of coverage could be determined in the pending state court lawsuits by means of garnishment actions after entry of any judgments in favor of the damaged claimants. *See*, *e.g.*, *Helder v. Sruba*, 462 Mich. 92, 611 N.W.2d 309 (2000). In such actions, the plaintiff could raise all the defenses to coverage that it might raise here. *Id.* at 101-02, 611 N.W.2d at 315.

III.

The Court believes that the *Grand Trunk* factors favor abstention. Following the direction of *Bituminous Casualty*, *Manley Bennett*, *Grand Trunk*, *Roumph*, and *Flowers*, the Court is constrained to dismiss the present action without prejudice.

Accordingly, it is **ORDERED** that the case is **DISMISSED WITHOUT PREJUDICE**.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated: November 24, 2021